UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARGARET E.,

           Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.
_____

**DECISION AND ORDER**

6:23-CV-6679 EAW

# INTRODUCTION

    Represented by counsel, plaintiff Margaret E. ("Plaintiff") brings this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her application for disability insurance benefits ("DIB"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 8; Dkt. 15), and Plaintiff's reply (Dkt. 16). For the reasons discussed below, Plaintiff's motion (Dkt. 8) is granted to the extent that the matter is remanded for further administrative proceedings, and the Commissioner's motion (Dkt. 15) is denied.

## BACKGROUND

Plaintiff protectively filed her application for DIB on September 14, 2020. (Dkt. 4 at 21, 73).[1] In her application, Plaintiff alleged disability beginning September 16, 2019, due to median arcuate ligament syndrome, short term memory loss, and extreme fatigue. (*Id.* at 21, 75). Plaintiff's application was initially denied on July 19, 2021, and upon reconsideration on November 29, 2021. (*Id.* at 21, 113-18, 121-26). A telephone hearing was held before administrative law judge ("ALJ") Joshua Menard on October 18, 2022. (*Id.* at 21, 38-68). On December 15, 2022, the ALJ issued an unfavorable decision. (*Id.* at 18-32). Plaintiff requested Appeals Council review; her request was denied on October 19, 2023, making the ALJ's determination the Commissioner's final decision. (*Id.* at 5-10). This action followed.

## LEGAL STANDARD

### I.   District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more

---

[1]   When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.   Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or

combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id*. § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

**DISCUSSION**

I.  **The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 404.1520. Initially, the ALJ determined that Plaintiff meets the insured status requirements of the Act through December 31, 2025. (Dkt. 4 at 23). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since September 16, 2019, the alleged onset date. (*Id*.).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: "Median Arcuate Ligament Syndrome (MALS), Barrett's Syndrome, and Gastroesophageal Reflux Disease (GERD)." (*Id.*). The ALJ further found that Plaintiff's medically determinable impairments of right foot pain, migraine headaches, history of hypothyroidism, pancreatitis, asthma, vertigo symptoms, and adjustment disorder were non-severe. (*Id*. at 24-27).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id*. at 27). The ALJ particularly considered the criteria of Listings 5.02 and 5.08 in reaching his conclusion. (*Id.*).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform the full range of light work, as defined in 20 C.F.R. § 404.1567(b). (*Id*. at 28-31).

At step four, the ALJ determined that Plaintiff can perform her past relevant work as a customer service representative or mortgage loan processor, as these types of work do

not require the performance of work-related activities precluded by Plaintiff's RFC. (*Id*. at 31-32).

Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 32).

## II.     Remand for Further Administrative Proceedings is Required

Plaintiff asks the Court to reverse or, in the alternative, to remand this matter to the Commissioner, arguing: (1) the ALJ erred in his evaluation of the opinion offered by Laura Gift, D.O.; (2) the ALJ erred in his evaluation of the opinions offered by consultative examiners Susan Dantoni, M.D., and Harbinder Toor, M.D.; (3) the ALJ erred in his evaluation of the prior administrative medical findings of D. Wallace, M.D.; and (4) the ALJ erred in his evaluation of Plaintiff's subjective allegations. (Dkt. 8-1 at 1, 15-30). As further explained below, remand for further administrative proceedings is required, because the ALJ erred in his assessment of the opinions offered by Dr. Gift, Dr. Dantoni, and Dr. Toor.

### A.     Evaluation of Opinion Evidence Offered by Dr. Gift, Dr. Dantoni, and Dr. Toor

Under the regulations applicable to Plaintiff's claim, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a).  Further, when a medical source provides one or more medical opinions, the Commissioner will consider those medical opinions from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of the applicable sections. *Id*. Those factors include: (1) supportability; (2) consistency; (3)

relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, purpose and extent of the treatment relationship, and the examining relationship; (4) specialization; and (5) any other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." *Id*. at § 404.1520c(c).

When evaluating the persuasiveness of a medical opinion, the most important factors are supportability and consistency. *Id*. at § 404.1520c(a). With respect to "supportability," the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* at § 404.1520c(c)(1). With respect to "consistency," the new regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* at § 404.1520c(c)(2).

The ALJ must articulate his consideration of the medical opinion evidence, including how persuasive he finds the medical opinions in the case record. *Id*. at § 404.1520c(b). "Although the new regulations eliminate the perceived hierarchy of medical sources, deference to specific medical opinions, and assigning 'weight' to a medical opinion, the ALJ must still articulate how [he or she] considered the medical opinions and how persuasive [he or she] find[s] all of the medical opinions." *Andrew G.*

*v. Comm'r of Soc. Sec.*, No. 3:19-CV-0942 (ML), 2020 WL 5848776, at *5 (N.D.N.Y. Oct. 1, 2020) (quotations and citation omitted). Specifically, the ALJ must explain how he considered the "supportability" and "consistency" factors for a medical source's opinion. 20 C.F.R. § 404.1520c(b)(2). The ALJ may—but is not required to—explain how he considered the remaining factors. *Id.*

Here, the ALJ erred in his evaluation of the opinions offered by Dr. Gift, Dr. Toor, and Dr. Dantoni. Specifically, each of these physicians opined that Plaintiff would experience interruptions in her ability to work due to pain or fatigue caused by her impairments. (*See* Dkt. 4 at 1420-421 (Dr. Gift, opining on September 19, 2022, that Plaintiff's experience of pain or other symptoms would constantly interfere with her attention and concentration to perform simple work tasks, significantly impaired her daily functioning, and that Plaintiff would miss more than four days of work per month); *id.* at 703 (Dr. Toor, opining on October 21, 2021, that Plaintiff had pain due to arterial disease in her abdomen, which would "interfere with her physical routine," and that fatigue also would interfere with her routine); *id.* at 589 (Dr. Dantoni, opining on December 9, 2020, that Plaintiff's "abdominal pain is severe and significant and may cause her to experience scheduling interruptions")). The ALJ found the opinions offered by consultative examiners Dr. Toor and Dr. Dantoni to be "partially persuasive" (*id.* at 30-31), and the opinion offered by Dr. Gift to be "unpersuasive" (*id.* at 31).

Despite these consistent opinions, the ALJ did not explain why he failed to adopt any limitations in the RFC accounting for any interruption in Plaintiff's physical routine or schedule due to pain and/or fatigue. While the ALJ noted that interruptions in Plaintiff's

routine due to migraines or asthma were not supported by the record since those conditions were not severe impairments (*id*. at 31), he neglected to explain why the assessed interruptions in Plaintiff's routine were not supported insofar as they were caused by pain in her abdomen and fatigue caused by MALS—a condition that the ALJ did assess as a severe limitation.  Specifically, the ALJ neglected to discuss the consistency of these medical opinions, which were rendered by her treating physician and two consultative examiners, on the point of the disruption to Plaintiff's routine or schedule due to pain or fatigue caused by MALS.  Nor does the RFC include any limitations to accommodate any disruption to Plaintiff's routine.

Further, the ALJ failed to discuss the supportability of the opinions that Plaintiff would have an interruption to her routine or schedule due to pain and fatigue caused by MALS.  To that end, the record before the Court supports that Plaintiff experienced pain and fatigue, and that her experience of pain and fatigue frequently interrupted her routine, schedule, and activities of daily living. (*See, e.g.*, Dkt. 4 at 599 (treatment note from Gastroenterology Associates of Rochester dated October 9, 2019, wherein Plaintiff reported pain at times that was so severe that she was unable to walk); *id*. at 788 (treatment note from Dr. Gift dated November 5, 2019, noting that Plaintiff's abdominal pain worsened with activity, such as walking a flight of stairs); *id*. at 850 (treatment note from Dr. Gift dated January 27, 2020, noting that Plaintiff reported that she does housework in small increments, punctuated by sitting); *id*. at 504 (treatment note from Dr. Gift dated August 12, 2020, wherein Plaintiff reported that she often rests when doing the dishes); *id*. at 518 (treatment note dated October 6, 2020, wherein Plaintiff reported that her activities

are limited when she is in pain); *id*. at 620 (treatment note from Dr. Gift dated November 11, 2020, wherein Plaintiff reported that it takes her about two hours to get ready, since she has significant abdominal pain and she needs to sit and rest); *id*. at 1196 (treatment note dated October 19, 2021, wherein Plaintiff reported that she requires breaks between doing crafts, and in the morning, she takes breaks between her activities of daily living, such as showering, getting dressed, and combing her hair); *see also id*. at 58 (Plaintiff's hearing testimony that she can shower and get dressed on her own, but she needs to take breaks to rest during these activities)).

The lack of explanation from the ALJ on Plaintiff's pain and fatigue causing disruptions in her routine, which was assessed by multiple medical sources in the record, frustrates meaningful review by the Court. *See, e.g., Rick Paul B. v. Comm'r of Soc. Sec.*, No. 5:23-cv-1261 (MAD/TWD), 2025 WL 347642, at *3, *8 (N.D.N.Y. Jan. 10, 2025) (explaining that "[w]hen inadequacies in the ALJ's decision frustrate meaningful review of the substantial evidence inquiry, remand may be appropriate," and remanding where the ALJ failed to adequately discuss the consistency and supportability factors of medical opinion, which "left [the court] to guess at the ALJ's reasoning, which frustrates meaningful review" (citation omitted)), *adopted*, 2025 WL 346808 (N.D.N.Y. Jan. 30, 2025). Further, in this case the ALJ's error is harmful, since the vocational expert testified that an individual who is off task for 15 percent of the time, or absent more than two days per month, due to issues with pain, fatigue, or other physical symptoms, would not be able to sustain employment. (*See* Dkt. 4 at 65-66). In other words, if the ALJ credited the medical opinions that Plaintiff experienced constant interruptions in her routine due to pain

and fatigue, she would have been found disabled. But as explained previously, since the ALJ did not include any meaningful discussion of these issues, the Court is unable to undertake a correspondingly meaningful review of the ALJ's determination as to interruptions in Plaintiff's physical routine or schedule due to MALS.

Accordingly, remand is required for further administrative proceedings. *See, e.g., Ayala v. Kijakazi*, 620 F. Supp. 3d 6, 30-35 (S.D.N.Y. 2022) (remanding for deficient explanation of supportability and consistency factors); *Tyler W. v. Comm'r of Soc. Sec.*, No. 3:22-CV-01345 (CFH), 2024 WL 1075209, at *8-9 (N.D.N.Y. Mar. 12, 2024) (same); *see also Jackson v. Kijakazi*, 588 F. Supp. 3d 558, 587 (S.D.N.Y. 2022) (noting that "[r]emand is appropriate when the ALJ failed to apply the correct legal standard, including adequately considering and applying the new regulatory factors," and explaining that "just as under the previous regulations when failure to fully consider the *Burgess* factors . . . would be grounds for remanding an ALJ's decision, an ALJ's failure to adequately consider and apply the new regulatory factors also require a reviewing court to remand" (citation omitted)). On remand, the ALJ shall include a more robust discussion of the supportability and consistency factors for the opinions offered by Dr. Gift, Dr. Toor, and Dr. Dantoni, particularly as they relate to the multiple medical opinions that Plaintiff's pain and fatigue would interfere with her physical routine and cause scheduling interruptions.

B. **Plaintiff's Remaining Arguments**

As set forth above, Plaintiff has identified additional reasons why she contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for

further administrative proceedings is necessary, the Court declines to reach these issues. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 13774790, at *23 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 8) is granted to the extent that the matter is remanded for further administrative proceedings, and the Commissioner's motion for judgment on the pleadings (Dkt. 15) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

                                              _____
                                              ELIZABETH A. WOLFORD
                                              Chief Judge
                                              United States District Court

Dated: September 25, 2025
       Rochester, New York